MARY CARROLL ET AL. v. W. S. BOOTH ET AL.

(No. 5383.)

CERTIORARI.— Guardianship proceedings corrected by; disability, when commences.

DISABILITY.— Time commences after removal of.

INSUFFICIENT PRICE not good ground for setting aside sale of land.

APPEAL from Gonzales county. Opinion by WATTS, J.

STATEMENT.— This suit was brought by Mary Carroll for herself and as next friend of Lewis Carroll, a minor, against their former guardian, O'Connor, and W. S. Booth, the appellees, to secure by *certiorari* the revision and correction of certain sales of their property, made by O'Connor under orders of the county court and confirmed by said court. These sales were alleged to have been worth, at the time of the sales, $2,500, and which were sold to Booth for $1,089. The writ of *certiorari* was granted, and upon a hearing the court sustained general and special exceptions and dismissed the cause, from which judgment this appeal is taken.

OPINION.— Proceedings had in a guardianship may be renewed by *certiorari* from the county to the district court, and there revised and corrected, any time within two years after such proceedings were had, upon application of any person interested in the guardianship.

Any person laboring under a disability has two years after the removal of the disability in which to make application.

In such cases the statute requires that the application shall distinctly set forth the error sought to be revised. R. S., arts. 290, 291. Here the sole ground stated in the application for the writ is that the land was sold by guardian for less than its actual value.

The sales were made by the order of court and approved by the same court, and there were no allegations of any irregularity in sales.

Nor was fraud practiced.

The statute provides that any time after five days from the filing report of sale, but at a regular term, the court shall inquire into the manner of sale, and if satisfied sale was fairly made according to law shall enter a decree confirming sale. R. S., art. 2593.

The great object in judicial sales is fairness.

But it is well known that property rarely commands full value. There being no sufficient ground stated in the application for the *certiorari* to sustain the proceeding, there is no error in the judgment and it is affirmed.

AFFIRMED.